**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Cecil Fluker, Jr., | ) | **CASE NO. 1:26 CV 156** |
| | ) | |
| Plaintiff, | ) | **JUDGE PAMELA A. BARKER** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| Lisa Price, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

*Pro se* Plaintiff Cecil Fluker, Jr., a prisoner in the Richland Correctional Institution, filed this civil rights action under 42 U.S.C. § 1983 against the prison's food service manager Lisa Price, the Warden Angela Stuff, and the Institutional Inspector Kelly Rose.  In the Complaint, Plaintiff alleges he and thousands of other inmates developed food poisoning after consuming the tamale pie served at one of the prison meals.  He states that he was treated several times by the medical department.  He claims that the Defendants violated his Eighth and Fourteenth Amendment rights.  He also asserts that the Defendants retaliated against him for grievances that he filed in the past.  He seeks monetary damages.

**BACKGROUND**

Plaintiff alleges that on November 29, 2025, the Richland Correctional Institution served tamale pie for dinner to the inmate population.  He states that as a result of consuming

1

the meal, he and over 2,0000 other inmates developed food poisoning. He indicates he suffered severe stomach pain, nausea, vomiting, and diarrhea. He contends that the medical department provided him with treatment to ease the symptoms. Plaintiff claims the reports of food poisoning were so pervasive that the Health Department was notified and performed its own investigation. He contends that the Defendants failed to provide him with safe and adequate food and placed him under conditions that posed a substantial risk of serious harm in violation of the Eighth and Fourteenth Amendments. He also alleges, without explanation, that the Defendants retaliated against him for filing grievances.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at

555.  The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id*.  In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

**DISCUSSION**

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency."  *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).  The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain."  *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment.  A Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred.  *Id*.  Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1,8 (1992).  Routine discomforts of prison life do not suffice. *Id*.  Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment.  *Id*. at 9.  A Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind.  *Id*.  Deliberate indifference is characterized by

obduracy or wantonness, not inadvertence or good faith error.  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  Liability cannot be predicated solely on negligence.  *Id*.  A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In this case, Plaintiff fails to satisfy the subjective element.  The subjective component requires a showing that prison officials knew of, and acted with deliberate indifference to, an inmate's health or safety.  *Wilson*, 501 U.S. at 302-03.  Deliberate indifference "entails something more than mere negligence."  *Farmer*, 511 U.S. at 835.  This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Flanory v. Bonn*, 604 F.3d 249, 253-55 (6th Cir. 2010)(citing *Farmer*, 511 U.S. at 837).  Here, Plaintiff sues the Warden, Institutional Inspector, and the Aramark Correctional Food Service, Supervisor at the prison.  He does not allege any facts to suggest that any of these people was aware that the food was contaminated, or likely to be contaminated, and disregarded this fact to serve the meal to the Plaintiff.  At best, the facts may support a claim of negligence, but there is nothing in the Complaint that would support a claim under the Eighth Amendment.

Plaintiff's due process claim is duplicative of his Eighth Amendment claim. Where a specific Amendment "provides an explicit textual source of constitutional protection" against a particular sort of governmental conduct, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims".  *Graham v. Connor*, 490 U.S. 386, 395 (1989).  Plaintiff's claim under the Fourteenth Amendment must also be dismissed.

4

Finally, Plaintiff fails to state a claim for retaliation.  Retaliation, though it is not expressly referred to in the Constitution, is actionable because retaliatory actions may tend to chill an individual's exercise of First Amendment rights. *Perry v. Sindermann*, 408 U.S. 593, 597 (1972). To state a *prima facie* case for retaliation prohibited by the First Amendment, Plaintiff must establish: 1) he engaged in protected conduct; 2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) that a causal connection exists between the first two elements. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

Plaintiff claims that the protected conduct in which he engaged was filing grievances. The remainder of his retaliation claim, however, is less clear.  He fails to specify the adverse action that the Defendants took against him.  It is possible that he is claiming the Defendants gave him food poisoning to retaliate against him for filing grievances.  It is also possible he is referring to grievances he filed after developing food poisoning.  To the extent he is claiming that the Defendants gave him food poisoning to retaliate against him for past grievances, his claim is not plausible.  He states that over 2,000 inmates were served the tamale pie and became ill.  That allegation would require the Court to accept the unwarranted factual inference that prison personnel allowed an entire prison population to consume contaminated food to target Plaintiff.  To the extent he is claiming he filed grievances regarding the food poisoning and prison personnel retaliated against him, he does not specify an adverse action taken against him nor does he connect that action to his filing of grievances. He fails to state a claim for retaliation.

5

**CONCLUSION**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

 s/*Pamela A. Barker*
PAMELA A. BARKER
Date:  March 6, 2026                U. S. DISTRICT JUDGE

6